IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 1:98-cr-00019-MP-AK

RONALD ALLAN COHEN,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Doc. 1421, Defendant's Motion to Vacate under 28 U.S.C. § 2255.  The Government was ordered to respond, and it has filed a motion to dismiss.  Doc. 1432.  Defendant has filed his response to the motion to dismiss, Doc. 1434, and thus, this matter is in a posture for decision.  Having carefully considered the matter, the Court recommends that the motion to dismiss be granted in part and denied in part.

Defendant Cohen pled guilty to conspiracy to launder money on January 21, 1999.  On April 25, 2001, he was sentenced to 121 months imprisonment.  The Eleventh Circuit affirmed the judgment, and Defendant filed a petition for writ of certiorari, which was denied on October 6, 2003.  *See Cohen v. United States*, 540 U.S. 821 (2003).  The instant petition was filed by Defendant's counsel on October 5, 2004.  It is therefore timely, and the Government's contention to the contrary, which is based on its belief that certiorari was not sought, is misplaced.

However, to the extent that the Government seeks dismissal of Ground One of the petition, predicated on *Blakely v. Washington*, it is correct.  Following its decision in *Blakely v. Washington*, which involved the constitutionality of state sentencing guidelines, the United States Supreme Court determined that *Blakely* applies to the Federal Sentencing Guidelines as

well. *United States v. Booker*, ____ U.S. ____, 124 S.Ct. 2519, 159 L.Ed. 2d 442 (2004). However, the Eleventh Circuit has recently determined that *Booker* is not retroactively applicable to cases on collateral review, as "*Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005).

Ground Two, however, which is based on counsel's alleged ineffectiveness, is properly before the Court for consideration, since the motion to vacate was timely filed. Thus, the motion to dismiss should be denied as to Ground Two.

In light of the foregoing, it is respectfully **RECOMMENDED**:

That the motion to dismiss, Doc. 1432, be **GRANTED IN PART AND DENIED IN PART**;

That the motion to vacate, Doc. 1421, be **DENIED AS TO GROUND ONE ONLY**;

That this cause be **REMANDED** to the undersigned for further proceedings as to Ground Two of the motion to vacate.

**IN CHAMBERS** at Gainesville, Florida, this __15th__ day of July, 2005.

s/ A. KORNBLUM
ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**